IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KINLEY CELESTEIN, DAVID L. GOTCHER, REBECCA LAWLIS, ROSA MANZANARES, STEVEN M. PAYNE, TERRY PENNINGTON, HELIODORO RAMIREZ, DONNA SMOCK, SUSAN STALEY, CHRISTINE LANE, STEVEN SNIGG AND LORI WHITFIELD** on behalf of themselves and others similarly situated, | C.A. No. _____ |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| | **JURY DEMAND** |
| **SCHOONER PETROLEUM SERVICES, INC., OIL STATES INTERNATIONAL, INC., and SPECIALTY RENTAL TOOLS & SUPPLY, L.L.C.,** | |
| Defendants. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, on behalf of themselves and others similarly situated, complain of **SCHOONER PETROLEUM SERVICES, INC., OIL STATES INTERNATIONAL, INC., AND SPECIALTY RENTAL TOOLS & SUPPLY, L.L.C,** (hereinafter referred to as "Schooner" or "Defendants"), and for cause of action against them would show the Court as follows:

### 1.   INTRODUCTION

1.1.   Plaintiffs demand a JURY TRIAL in this case as to any and all issues triable to a jury.

1.2.   Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part

of, or as a result of, mass layoffs or plant closings ordered by Defendants on or about February 24, 2009, and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq.*

1.3.   Plaintiffs and all other similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2101, *et seq.* from Defendants.

1.4.   Plaintiffs also bring this action against Defendants for their violations of the Older Workers Benefit Protection Act ("OWBPA").  The OWBPA prohibits the waiver of ADEA claims if the waiver is not "knowing and voluntary."  An ADEA waiver is not knowing and voluntary unless it complies with the specific requirements of the OWBPA. In order for a waiver to be knowing and voluntary the waiver (1) must be in writing and drafter in a manner calculated to be understood by the employee signing the release, or by the average individual eligible to participate, (2) must not have the effect of misleading, misinforming, or failing to inform participants and affected individuals, (3) should not exaggerate the benefits or minimize the limitation of any advantages or disadvantages, must specifically refer to the ADEA by name in connection with the waiver and to rights or claims arising under the ADEA, (4) may not release rights or claims that may arise after the date the waiver is executed, (5) must advise the individual to consult with an attorney before executing the agreement, (6) must provide additional consideration (monies and/or benefits) above and beyond that to which the individual is already entitled absent the waiver, and (7) must give an individual time to consider the waiver – a 21-day consideration period where only an individual is involved and 45-days if a waiver is requested in connection with an exit incentive or other employment termination program

offered to a group or class of employees.  An employee may sign a release prior to the end of the 21- or 45-day period, but an employee's decision to shorten the consideration period must be voluntary and not induced by fraud, misrepresentation, or a threat to withdraw or alter the offer prior to the expiration of the 21- or 45-day period.  If an employer offers waivers to a group of class of employees, the employer must inform the individuals in writing of the following: (1) any eligibility factors for the program; (2) the applicable time limits; (3) the job titles and ages of all individuals in the same job classification or organizational unit who are not eligible or have not been selected.

1.5.   This action seeks equitable relief, back pay and benefits, penalties, compensatory damages, attorneys' fees, expert witness fees, taxable court costs, pre-judgment and post-judgment interest.

## 2.   JURISDICTION AND VENUE

2.1.   This court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 29 U.S.C. §2104(a)(5).

2.2.   The violation of the WARN Act alleged herein occurred in this district.

2.3.   Venue is proper in the Southern District of Texas − Houston Division because Plaintiffs reside in the Southern District of Texas − Houston Division, and Defendants have substantial contacts within this district.

## 3.   PARTIES

3.1.   Plaintiff Kinley Celestein is a resident of Magnolia, Texas.

3.2.   Plaintiff David L. Gotchen is a resident of Houston, Texas.

3.3.   Plaintiff Rebecca Lawlis is a resident of Houston, Texas.

3.4.   Plaintiff Rosa Manzanares is a resident of Houston, Texas.

3.5.    Plaintiff Steven M. Payne is a resident of Houston, Texas.

3.6.    Plaintiff Terry Pennington is a resident of Houston, Texas.

3.7.    Plaintiff Heliodoro Ramirez is a resident of Humble, Texas.

3.8.    Plaintiff Donna Smock is a resident of Houston, Texas.

3.9.    Plaintiff Susan Staley is a resident of Houston, Texas.

3.10.   Plaintiff Christine Lane is a resident of Houston, Texas.

3.11.   Plaintiff Steven Snigg is a resident of Tomball, Texas.

3.12.   Plaintiff Lori Whitfield is a resident of Houston, Texas.

3.13.   "Class Members" are residents of Texas and meet the requirements of Fed. R. Civ. P. 23 for maintaining a class action.

3.14.   **SCHOONER PETROLEUM SERVICES, INC.**, is a foreign corporation authorized to do business in the state of Texas.  **SCHOONER PETROLEUM SERVICES, INC.**, registered agent: C.T. Corporation System, 350 St. Paul Street, Dallas, Texas 75201.

3.15.   **OIL STATES INTERNATIONAL, INC.**, is a foreign corporation authorized to do business in the state of Texas.  **OIL STATES INTERNATIONAL, INC.**, registered agent: C.T. Corporation System, 350 St. Paul Street, Dallas, Texas 75201.

3.16.   **SPECIALTY RENTAL TOOLS & SUPPLY, L.L.C.**, is a foreign corporation authorized to do business in the state of Texas.  **SPECIALTY RENTAL TOOLS & SUPPLY, L.L.C.**, registered agent: C.T. Corporation System, 350 St. Paul Street, Dallas, Texas 75201.

## 4.   FACTS

4.1.    The WARN act applies to employers that have a total of 100 or more employees. Defendants employed more than 100 employees.

4.2.   The WARN act requires employers to provide employees with 60-day notice prior to a plant closing or a mass layoff. Plaintiffs were not provided with proper 60-day notice under the WARN Act.

4.3.   A mass layoff is defined under the WARN Act as a reduction in force that, although not a plant closing, results in an employment loss at a single site of employment during any 30-day period for at least 33% of the active employees, excluding part-timers, and at least 50 full-time employees.  Defendants terminated at least 50 employees and at least 33% of the active workforce.

4.4.   Specifically, on February 24, 2009, Plaintiffs and others similarly situated individuals were terminated on February 24, 2009, as part of a plant closing or a mass layoff. Plaintiffs were not provided with proper 60-day notice under the WARN Act. Accordingly, Defendants violated the WARN Act.

4.5.   In addition, Defendants violated the OWBPA as they did not meet several of the requirements of the OWBPA when seeking and obtaining releases from their employees. For example, Plaintiffs did not knowing and voluntary sign the release agreements. Defendants mislead Plaintiffs and misinformed Plaintiffs and failed to inform participants and affected individuals of their rights.  Defendants exaggerated the benefits and/or minimized the limitations of any advantages or disadvantages of the releases. Defendants failed to advise the individuals to consult with an attorney before executing the agreement.  Defendants failed to provide additional consideration (monies and/or benefits) above and beyond that to which the individuals were already entitled absent the waiver.  Defendants failed to provide the individuals with time to consider the waiver – a 21-day consideration period where only one individual is involved and 45-days if a

waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees.  Defendants failed to notify the individuals in writing of the following: (1) any eligibility factors for the program; (2) the applicable time limits; (3) the job titles and ages of all individuals in the same job classification or organizational unit who are not eligible or have not been selected. Accordingly, the releases are void or voidable.

4.6.   Moreover, Defendants induced the Plaintiffs to sign the releases based on fraud and misrepresentations.  Accordingly, the releases are void or voidable.

4.7.   Furthermore, Defendants failed to provide Plaintiffs with proper consideration as part of the releases. Accordingly, the releases are void or voidable.

## 5.   CLASS ALLEGATIONS, 29 U.S.C. § 2104

5.1.   Plaintiffs bring this action on their behalf and on behalf of all other similarly situated former employees of Defendants who worked at and were terminated on or about February 24, 2009 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on those dates, pursuant to 29 U.S.C. § 2104(a)(5).

5.2.   On or about February 24, 2009, Defendants, as a single employer, ordered mass layoffs and/or a plant closing as defined by 29 U.S.C. § 2104(a)(2), (3), for which they were required to provide 60 days advance written notice under the WARN Act to their employees.

5.3.   At or about the time of the aforementioned terminations, Defendants terminated over 50 other similarly situated employees.

5.4.    Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

5.5.    Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

5.6.    The Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2104(a)(5).

5.7.    Defendants were required by the WARN Act to give Plaintiffs and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

5.8.    Prior to their termination, neither the Plaintiffs nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

5.9.    Defendants failed to pay the Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following the notice of their terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employees benefits under ERISA for 60 calendar days after notice of their respective terminations.

## 6.   CLASS ALLEGATIONS, F.R.C.P. 23

6.1.    Plaintiffs sue under the Federal Rules of Civil Procedure, 23(a) and (b), on behalf of themselves and a class of persons who worked at or reported to Defendants facility and were terminated without cause on or about February 24, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the

mass layoffs and/or plant closings ordered by Defendants on or about February 24, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2104(a)(5) (the "Class").

6.2.   The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

6.3.   On information and belief, the identity of the members of this class and the recent residence address of each of the Class Members is contained in the books and records of Defendants.

6.4.   On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time if his/her termination is contained in the books and records of the Defendants.

6.5.   There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

6.6.   The claims of the Plaintiffs are typical of the claims of the Class.

6.7.   The Plaintiffs will fairly and adequately protect the interests of the Class.

6.8.   The Plaintiffs have retained counsel competent, experienced in complex class action employment litigation.

6.9.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

6.10.   Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will avoid multiplicity of suits, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

6.11.   There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

      (a)   whether the Class Members were employees of the Defendants who worked at or reported to Defendant's facilities;

      (b)   whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

      (c)   whether Defendants paid the Class Members 60 days wages and benefits as required by the WARN Act.

## 7.   CLAIMS FOR RELIEF

7.1   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

7.2   At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

7.3   At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. §2101 (a)(1) and 20 C.F.R. §639(a).

7.4   At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

7.5   The Defendants constituted a "single employer" of the Plaintiffs and the Class Members the WARN Act in that, among other things:

(a)  The Defendants shared common ownership;

(b)  The Defendants shared common officers and directors;

(c)  All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and Class Members, including the decision to order the mass layoff or plant closing at the facility;

(d)  There was a unity of personnel policies emanating from a common source between Defendants; and

(e)  There was dependency of operations between Defendants.

7.6     On or about February 24, 2009, the Defendants ordered mass layoffs and/or plant closings at the facility, as that term is defined by 29 U.S.C. §2101(a)(2).

7.7     The mass layoffs and/or plant closings at the facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the facility, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

7.8     The Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the facility.

7.9     The Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. §2101 (a)(5).

7.10    Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

7.11    Defendants failed to give the Plaintiffs and Class Members written notice that complied with the requirements of the WARN Act.

7.12    The Plaintiffs and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

7.13    Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following the notice of their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days following the notice of their respective.

## 8.    OWBPA VIOLATIONS

8.1.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

8.2.    Defendants failed to meet the requirements of the OWBPA.

8.3.    Defendants seek to void or make voidable the releases that do not comply with the OWBPA.

## 9.    FRAUD AND MISREPRESENTATION

9.1.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

9.2.    Defendants made false representations to Plaintiffs;

9.3.    Defendants supplied false information to Plaintiffs;

9.4.    Plaintiffs relied on the false representations; and

9.5.    Defendants' misrepresentations caused Plaintiffs' injuries.

## 10. JURY DEMAND

10.1.    Plaintiffs hereby make their request for a jury trial on behalf of themselves and others similarly situated.

## 11. <u>PRAYER</u>

**WHEREFORE,** the Plaintiffs individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants, jointly and severally:

11.1.1.    Judgment against Defendants for actual damages (back pay and benefits) sustained by Plaintiffs;

11.1.2.    Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. §2104 (a)(5).  Plaintiffs and other similarly situated former employees constitute a single class;

11.1.3.    Designation of the Plaintiffs as Class Representatives;

11.1.4.    Appointment of the undersigned attorneys as Class Counsel;

11.1.5.    A judgment in favor of the Plaintiffs and each of the "affected employee" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104 (a)(1)(4);

11.1.6.    Interest as allowed by law on the amounts owed under the preceding paragraph;

11.1.7.    Plaintiffs' reasonable attorneys' fees and the costs and disbursement that Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

11.1.8.    Grants Plaintiffs all penalties assessed against Defendants;

11.1.9.       Pre-judgment interest at the highest legal rate;

11.1.10.      Post-judgment interest at the highest legal rate until paid;

11.1.11.      All costs of court, including administrative costs;

11.1.12.      Such other and further relief, at law or in equity, general or special to

which Plaintiffs justly entitled.

Respectfully submitted,


___/s/_____

MARK LAZARZ
STATE BAR #12069100
TODD SLOBIN
STATE BAR #24002953
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFFS

of Counsel:
SHELLIST ✶ LAZARZ, LLP.